ALICE A. BIGELOW, EXECUTRIX OF THE ESTATE OF HERBERT M. BIGELOW, DECEASED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 82659. Promulgated March 21, 1939.

*Thomas R. Dempsey*, *Esq.*, *A. Calder Mackay*, *Esq.*, *Arthur McGregor*, *Esq.*, and *James L. Patten*, *Esq.*, for the petitioner.
*L. H. Rushbrook*, *Esq.*, for the respondent.

### SUPPLEMENTAL OPINION.

MELLOTT: Under date of August 23, 1938, opinion was promulgated herein (38 B. T. A. 377) in which the facts, all of which were stipulated, are set out. The decision, entered in conformity with said opinion, has heretofore been set aside.

Since our opinion was promulgated, the Circuit Court of Appeals for the Ninth Circuit, in *United States* v. *Goodyear*, 99 Fed. (2d) 523, has passed upon the identical question involved herein. The court, one member dissenting, concluded that the agreement—quite similar to the one before us—vesting in the wife "a present, existing and equal interest" with her husband, gave her "the same interest in the community property as she would have had if the property had been acquired after the effective date of ¶161a of the Civil Code" of California. (See footnote, 38 B. T. A. 377, 380.) No application for certiorari was filed.

The cited case is determinative of the issue before us. (See also concluding paragraph of the dissenting opinion.) It follows, therefore, that our opinion must be, and it is, set aside.

On the authority of *United States* v. *Goodyear*, *supra*, it is held that the respondent erred in including in the decedent's gross estate all, rather than 50 percent, of the property of the decedent acquired prior to the execution of the agreement shown in 38 B. T. A. at page 378.

*Judgment will be entered under Rule 50.*